## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA<br>Plaintiff, | * * * | **SUPERSEDING  INDICTMENT** |
| v. | * * | **Criminal No. 99-185(CCC)** |
| [1] NORBERTO MORALES-RIVERA<br>a/k/a "Berto El Indio"<br>a/k/a "Pai", | * * * | |
| [2] JERRY MARTINEZ-MARTI,<br>a/k/a "Pecosa"<br>a/k/a "Jerry Pecas", | * * * | **(THREE COUNTS)** |
| [3] FRANCISCO IRIZARRY-MENDOZA,<br>a/k/a "Paquitin," | * * | |
| [4] CARLOS A. PARRILLA-ELICIER,<br>a/k/a "Carlos Loiza," | * * | |
| [5] VICTOR MEDERO-RUIZ,<br>a/k/a "Calva,"<br>a/k/a "Cabeza Loca," | * * * | |
| [6] PEDRO BONILLA-MARENGO,<br>a/k/a "Pedrito," | * * | |
| [7] ALEXIS MALDONADO-MARQUEZ,<br>a/k/a "Alex Baba," | * * | |
| [8] JAVIER COLON-ALMESTICA<br>Defendants. | * * | |

*********************************************

## THE GRAND JURY CHARGES:

### COUNT I

Beginning on a date unknown, but not later than January 1, 1993, until on or about the date

of this indictment, in the District of Puerto Rico, and within the jurisdiction of this Court,

[1] NORBERTO MORALES-RIVERA
a/k/a "Berto El Indio"
a/k/a "Pai",
[2] JERRY MARTINEZ-MARTI,
a/k/a "Pecosa"
a/k/a "Jerry Pecas",
[3] FRANCISCO IRIZARRY-MENDOZA,
a/k/a "Paquitin,"

**SUPERSEDING INDICTMENT**
Page 2

[4] CARLOS A. PARRILLA-ELICIER,
a/k/a "Carlos Loiza,"
[5] VICTOR MEDERO-RUIZ,
a/k/a "Calva,"
a/k/a "Cabeza Loca,"
[6] PEDRO BONILLA-MARENGO
a/k/a Pedrito
[7] ALEXIS MALDONADO-MARQUEZ,
a/k/a "Alex Baba,"
[8] JAVIER COLON-ALMESTICA

the defendants herein, did knowingly, willfully, intentionally, and unlawfully, combine, conspire,

and agree with each other and with divers other persons to the Grand Jury known and unknown,

including but not limited to; Richard L. Pérez-Colón; Andrés Villalongo-Ortega; Francisco Garcia-

Sierra; Alexander Matos-Matos; Rubén Ramos-Espiada; David López-Piñero; Alberto Parrilla-

Elicier; Kevin Márquez; John Doe, a/k/a "Albert"; Evyan Villafañe-Faust; Everaldo Burgos-

Rodríguez; Miguel A. Garcia-Pérez; Javier Nieves-Alvarez; Ramonita Espiada-Padilla; Miguel

Zabala; Abelardo Zabala; Alexis Villafañe and Jaime Rivera-Padilla, persons not included in the

Indictment, to commit the following offense against the United States, to wit: knowingly and

intentionally distribute multi-kilogram quantities of controlled substances, that is, in excess of five

(5) kilograms of cocaine and an amount of not less than fifty (50) grams of cocaine base, both

Schedule II Narcotic Drug Controlled Substances, and multi-kilogram quantities of marijuana, a

Schedule I Narcotic Drug Controlled Substance, in violation of Title 21, United States Code, Section

841(a)(1).

All in violation of Title 21, United States Code, section 846.

**SUPERSEDING INDICTMENT**
Page 3

## OVERT ACTS

In furtherance of the conspiracy and to effect and accomplish the objects of it, one or more

of the conspirators committed, among others, the following overt acts in the District of Puerto Rico:

(1)    Counts Two and Three are incorporated herein by reference as overt acts of this

conspiracy as if alleged herein.

(2)    At divers times between the times alleged, the defendants and co-conspirators and

others to the grand jury known and unknown, did possess with intent to distribute and did distribute

controlled substances, to wit:  cocaine, cocaine base and marijuana which was sold to customers at

a drug point located at the Galateo Public Housing Project, Rio Grande, Puerto Rico, for substantial

financial gain.

(3)    At divers times between the times alleged, the defendants and co-conspirators and

others to the grand jury known and unknown, possessed and brandished firearms, as defined in Title

18, United States Code, Section 921(a)(3), in furtherance of the drug trafficking conspiracy.

(4)    At divers times between the times alleged, the defendants and co-conspirators and

others to the grand jury known and unknown, stored and hid from view controlled substances, to wit:

cocaine, cocaine base, and marijuana, and/or proceeds from the sales thereof, and/or firearms as that

term is defined in Title 18, United States Code, Section 921(a)(3), in order to facilitate the successful

screening of these items from those outside of the conspiracy.  The concealment of these items,

therefore, prevented their discovery and simultaneously provided easy access to the narcotics and

the weapons.

(5)    At divers times between the times alleged, the defendants and co-conspirators and

others to the grand jury known and unknown, surveilled and controlled access to and movement

**SUPERSEDING INDICTMENT**
Page 4

through the Galateo Housing Project, Rio Grande, Puerto Rico, in order to facilitate the possession with intent to distribute and distribution of controlled substances, to wit: cocaine, crack cocaine, and marijuana, within the Galateo Housing Project.

(6)     At all times material to their conspiracy, co-conspirator defendant Norberto Morales-Rivera, also known as "Berto El Indio," also known as "Pai," also known as "Coby Brien," was the first in command, and did lead, organize, control and supervise the sales of controlled substances at the drug point located at Galateo Housing Project, Rio Grande, Puerto Rico. Additionally, co-conspirator defendant Jerry Martinez-Marti, also known as "Jerry Pecas," also known as "Pecosa," assisted with the narcotics sales administration, and with the supervision of the narcotics sales operations and collection of funds, and generally acted as the second in command.

(7)     At divers times between the times alleged, defendants and co-conspirators, and others to the Grand Jury known and unknown, acted as enforcers of the organization and possessed firearms, as defined in Title 18, United States Code,921(a)(3), using them in order to provide protection for the drug operations of the conspiracy from rival gangs, obstruct any possible intervention by law enforcement officers, provide for the intimidation of drug clients, and further intimidate law abiding citizens in the vicinity of the drug point into coerced acquiescence.

(8)     At divers times between the times alleged, co-conspirator defendant ALEX MALDONADO MARQUEZ a/k/a "Alex Boba" sold cocaine at the drug point located at the Galateo Housing Project.

(9)     At divers times between the times alleged, co-conspirator defendant CARLOS PARRILLA, a/k/a "Carlos Loiza," sold marijuana and crack cocaine at the drug point located at the Galateo Housing Project.

**SUPERSEDING INDICTMENT**
Page 5

(10)  On or about June 3, 1999, co-conspirator defendant PEDRO BONILLA-MARENGO,

a/k/a "Pedrito," assaulted with a deadly weapon FBI, Special Agent Juan Miranda, a person

designated under 18 U.S.C. section 1114 as an officer of an agency of the United States Government,

while said person was engaged in the performance of official duties at the Galateo Housing Project.

(11)  On or about December 17, 1998, co-conspirator FRANCISCO GARCIA-SIERRA,

not included in the Indictment, received via the U.S. Mail an express mail delivery of an Intratec

sub-machine gun, model AB-10, serial number A007181.


## COUNT II

Beginning on a date unknown, but not later than January 1, 1993, until on or about the date

of this indictment, in the District of Puerto Rico, and within the jurisdiction of this Court,

[1] NORBERTO MORALES-RIVERA
a/k/a "Berto El Indio"
a/k/a "Pai",
[2] JERRY MARTINEZ-MARTI,
a/k/a "Pecosa"
a/k/a "Jerry Pecas",
[3] FRANCISCO IRIZARRY-MENDOZA,
a/k/a "Paquitin,"
[4] CARLOS A. PARRILLA-ELICIER,
a/k/a "Carlos Loiza,"
[5] VICTOR MEDERO-RUIZ,
a/k/a "Calva,"
a/k/a "Cabeza Loca,"
[6] PEDRO BONILLA-MARENGO
a/k/a Pedrito
[7] ALEXIS MALDONADO-MARQUEZ,
a/k/a "Alex Baba,"

the defendants herein, aiding and abetting each other, and with divers other persons to the Grand

Jury know and unknown, including but not limited to: Richard L. Pérez-Colón; Andrés Villalongo-

**SUPERSEDING INDICTMENT**
Page 6

Ortega; Francisco Garcia-Sierra; Alexander Matos-Matos; Rubén Ramos-Espiada; David López-Piñero; Alberto Parrilla-Elicier; Kevin Márquez; John Doe, a/k/a "Albert"; Evyan Villafañe-Faust; Everaldo Burgos-Rodríguez; Miguel A. Garcia-Pérez; Javier Nieves-Alvarez; Ramonita Espiada-Padilla; Miguel Zabala; Abelardo Zabala; Alexis Villafañe and Jaime Rivera-Padilla and others known and unknown to the Grand Jury, did knowingly, willfully, intentionally, and unlawfully, possess firearms, as this term is defined in Title 18, United States Code, Section 921(a)(3), in furtherance of a drug trafficking crime, to wit: possession with intent to distribute controlled substances, in violation of Title 21, United States Code, Section 841, a crime for which they may be prosecuted in a court of the United States.

All in violation of Title 18, United States Code, Section 924(c)(1) and section 2.

## COUNT III

18 U.S.C. section 111
ASSAULTING AN OFFICER OF THE UNITED STATES
WHILE ENGAGED IN THE PERFORMANCE OF OFFICIAL DUTIES

On or about June 3, 1999, in the District of Puerto Rico, and within the jurisdiction of this Court,

[6] PEDRO BONILLA-MARENGO
a/k/a Pedrito,

the defendant herein, did, using a deadly weapon, forcibly assault Juan Miranda, a person designated under 18 U.S.C. section 1114 as an officer of an agency of the United States Government, while said person was engaged in the performance of official duties.

**SUPERSEDING INDICTMENT**
**Page 7**

All in violation of Title18, United States Code, section 111.

TRUE BILL

~~FOREPERSON~~

GUILLERMO GIL
United States Attorney

Ruth J. Vernet
Assistant U.S. Attorney
Dated:

Jorge E.Vega-Pacheco
Assistant U.S. Attorney
Chief, Criminal Division
Dated:

04/03/01